UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anisha Townsend,<br><br>                                   Plaintiff,<br><br>                    -v-<br><br>Dan Dern and Aid to the developmentally Disabled, doing business as Rise life Services,[1]<br><br>                                   Defendants. | 2:24-cv-04062<br>(NJC) (SIL) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is an application to proceed *in forma pauperis* ("IFP") by pro se Plaintiff Anisha Townsend ("Townsend") in this action for violations of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17, and state law. (*See* Compl., ECF No. 1; IFP App., ECF No. 2.) For the reasons that follow, the IFP application is denied without prejudice and with leave to renew upon filing the enclosed "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239) ("Long Form"). Alternatively, Townsend may pay the $405 filing fee within fourteen (14) days of this Order for this case to proceed.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted).

---

[1] The caption from the Complaint has been reproduced here exactly as it appears in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

"The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Davis v. NYC Dept. of Educ.*, 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010). When a litigant's application fails to establish the level of poverty required under the IFP statute, such application is properly denied. *See*, *e.g.*, *Miller v. Smith*, No. 21-CV-2949(JS)(AKT), 2021 WL 2894973, at *2–3 (E.D.N.Y. June 2, 2021). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. *Davis*, 2010 WL 3419671 at *1. The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Here, Townsend's application does not provide sufficient information for the Court to reasonably conclude that she is unable to afford the filing fee. For example, although the application requests disclosure of all income received from any source in the past twelve months and the amount received from each such source, Townsend reports that she was employed "for 2 months. [E]mployment ended on 4/23/24" yet she has omitted the amount she earned from that employment. (IFP App. ¶ 3.) In addition, Townsend indicates that she pays $292 for housing "when employed" (without specifying whether this amount is paid monthly or some other unit of time) yet reports having only $19.20 in cash or savings and does not report any financial obligation or debt with regard to housing. (*Id*. ¶¶ 3–4, 8.) Further, Townsend's only reported regular living expenses are $120 for utilities and $35 for a phone. (*Id*. ¶ 6.) Although Townsend reports ownership of an automobile, for which she has a monthly car loan payment of $658 and insurance payments of $252, she includes no regular expenses for gas or maintenance. (*Id*. ¶¶ 5–6.) Finally, although Townsend reports that her granddaughter is financially dependent upon her

2

for support, Townsend has omitted the amount she contributes towards her granddaughter's support. (*Id*. ¶ 7.)

Given Townsend's incomplete and inconsistent responses, her application does not include sufficient information for the Court to determine her qualification for IFP status and raises more questions than it answers. *See Fridman v. City of New York,* 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (quotation marks omitted)). "If it appears that an applicant's access to [the] court has not been blocked by his financial condition; rather that he is merely in the position of having to weigh the financial constraints posed if he pursues his position against the merits of his case, then a court properly exercises its discretion to deny the application." *Brooks v. Aiden 0821 Capital LLC*, No. 19-CV-6823(GRB)(AYS), 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quotation marks and alterations omitted).

For these reasons, Townsend's application to proceed IFP is denied without prejudice and with leave to renew upon filing the enclosed Long Form. Alternatively, Townsend may pay the $405 filing fee. Townsend shall either file the Long Form or remit the filing fee within fourteen (14) days of the date of this Order or her Complaint will be dismissed without prejudice. Townsend is cautioned that, once paid, there are no refunds of the filing fee regardless of the outcome of the case.[2]

---

[2] Townsend is encouraged to avail herself of the free resources available at the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse which can provide free information, advice, and

3

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Townsend at her address of record and to record such mailing on the docket.

SO ORDERED.

                 ___*/s/ Hon. Nusrat J. Choudhury*___
                 NUSRAT J. CHOUDHURY
                 United States District Judge

Dated:  Central Islip, New York
     June 13, 2024

---

limited scope legal assistance to non-incarcerated pro se litigants. The Court notes that the Pro Se Clinic is not part of, nor affiliated with, the United States District Court. Consultations with the Pro Se Clinic may be scheduled by emailing them at PSLAP@Hofstra.edu or by leaving a message at (631) 297-2575.